JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
KeyBank, as predecessor in interest to plaintiffs-appellants Precision Seed Company, Inc., and Sabina Farmers Exchange, Inc. ("Precision"), filed a complaint for foreclosure against defendants-appellees Ebony Fuel, Inc., Ebony Fuel Realty, C. Michael Harris, William S. Chapman, and Deborah A. Chapman, ("Ebony"). Additional co-defendants were named in the action, including National City Bank, as parties having an interest or lien upon the real property in question. In November 2001, the trial court granted KeyBank's motion for summary judgment and entered a judgment of foreclosure against Ebony and the mortgaged property. In so doing, the court held that Ebony owed KeyBank the principal amount of $299,034.94, plus interest, late fees, legal fees and expenses.
KeyBank subsequently sold its note, mortgage, and judgment to Precision in July 2003, and Precision was substituted as a plaintiff in the action. In October 2003, National City also sold its note and mortgage to Precision. Precision filed a motion to adjudicate and prioritize claims, specifically seeking an adjudication of the amounts owed under the KeyBank and National City notes. In November 2003, Precision secured a cognovit judgment in the amount of $265,673.35 on the National City note from the Franklin County Common Pleas Court. Precision filed a certificate of that judgment in Hamilton County in December 2003.
The trial court ordered the county clerk of courts to accept from Ebony certain amounts in excess of the amounts claimed by Precision on the KeyBank and National City judgments. The court then held that the amount due to Precision under the KeyBank judgment was $446,787.20, and that the amount due under the National City judgment was $75,000. The court further ordered that, upon release of the funds to Precision, the claims on both notes would be satisfied in full and that the property would be released from the mortgages and the Franklin County certificate of judgment. Precision now appeals.
In its first assignment of error, Precision argues that the trial court erred by allowing Ebony to exercise its statutory right of redemption to facilitate a private sale because, under R.C. 2329.33, a debtor's statutory right of redemption does not ripen until after a sheriff's sale has occurred. Pursuant to R.C.2329.33, "[i]n sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing [with the clerk of courts] the amount of the judgment or decree upon which such lands were sold * * * [emphasis added]."
In this case, Precision argues that because no sheriff's sale had occurred, Ebony could not have properly exercised its statutory right of redemption. But Ohio courts have held that, under R.C. 2329.33, a mortgagor's right of redemption is in place until a confirmation of sale has occurred.[1] Accordingly, because no confirmation of sale had occurred in this case, Ebony could have properly exercised its statutory right of redemption. Therefore, we overrule the first assignment of error.
In its second assignment of error, Precision argues that the trial court erred by allowing Ebony to redeem the property for a sum substantially less than the amounts owed on the KeyBank judgment and on the National City judgment. We note that, in its brief, Precision has offered no argument regarding the amount of the KeyBank judgment, so we limit our discussion to the amount of the National City judgment.
The National City note and note modification contained a cognovit provision authorizing confession of judgment against Ebony, pursuant to R.C. 2323.13(A). Because the makers of the note and of the note modification resided in Franklin County, Ohio, and executed the note and the note modification in Franklin County, the Franklin County court had exclusive jurisdiction over the cognovit note under the mandatory jurisdictional requirements of R.C. 2323.13(A). Accordingly, we hold that the trial court erred by entering judgment for Precision only in the amount of $75,000 on its National City note and by failing to recognize the Franklin County judgment in favor of Precision in the amount of $265,673.35. We sustain Precision's second assignment of error.
Therefore, the judgment of the trial court is affirmed in part and reversed in part. We remand this cause to the trial court for further proceedings consistent with law and this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Sundermann, JJ.
[1] See Hausman v. BancOhio Natl. Bank, 73 Ohio St.3d 671,1995-Ohio-277, 653 N.E.2d 1190 (where a sheriff's sale had been ordered, but no one had bid on the property at the sale, the mortgagor's statutory right of redemption under R.C. 2329.33
remained even though the mortgagor's equity of redemption had been cut off once the mortgagee had been granted a decree of foreclosure); Huntington Natl. Bank v. Shanker (May 21, 1998), 8th Dist. No. 72707 (where property had not yet been sold at sheriff's sale, R.C. 2329.33 dictated that mortgagors had until confirmation of sale to effectuate their redemption); CentralNatl. Bank of Cleveland v. Hawthorne (June 16, 1975), 11th Dist. No. 605 (sheriff's sale had not occurred until the sale had been confirmed, so the mortgagors had every right to redeem until the moment of confirmation).